## BURKE v. PARKER, WEBB & CO.[1]

1. MASTER AND SERVANT—NEGLIGENCE—DANGEROUS PREMISES.

It is not negligence *per se* for an employer to keep a barrel of paint containing benzine upon his premises, for use in connection with his business.

2. SAME—TIME OF PERIL—ATTEMPT TO EXTINGUISH FIRE.

An employer is not liable for injuries to his employé from the explosion of a barrel of paint, which had taken fire without the fault of the employer, occurring while the employé and others, at the request of the employer, were endeavoring to extinguish the flames, since the peril was such as to justify the instruction given.

Error to Wayne; Frazer, J. Submitted May 2, 1895. Decided November 19, 1895.

Case by Thomas Burke against Parker, Webb & Company for personal injuries, alleged to have been caused by defendant's negligence. From a judgment for plaintiff, defendant brings error. Reversed.

*Keena & Lightner (John Atkinson,* of counsel), for appellant.

*P. J. M. Hally* and *James H. Pound,* for appellee.

McGRATH, C. J. Plaintiff was a laborer in defendant's employ, and was injured by the explosion of a barrel of paint, which contained benzine, during a fire which he was called upon by the foreman to assist in extinguishing. The barrel of paint had been placed in the press room by the order of the superintendent. A workman used a lighted candle while drawing paint from the barrel, igniting the fluid. The barrel, after it had taken fire, was drawn from the press room out upon the platform into the open air, and while plaintiff, with others,

---

[1] Rehearing denied, but new trial granted, January 14, 1896.

was endeavoring to extinguish the flames, the explosion took place.

The paint was an article of common and necessary use in the business in which defendant was engaged. The fire was not caused by reason of the presence of the barrel in an overheated room, but seemingly by the carelessness of a fellow-servant in drawing the fluid from the barrel. The keeping of the barrel of paint upon the premises was not negligence, and this although a fire was not improbable. It was not in and of itself dangerous, nor was its presence or its use attended with danger, in the absence of the other agency. The existence of the conditions under which combustion would actually take place were not in any sense apparent. The fire was not chargeable to defendant's negligence. Negligence is a failure of duty. It implies fault. In order to hold the owner of a steam boiler liable for its explosion, negligence must be shown. So as to all accidents from machinery, where their liability to happen is proven only by their actual occurrence. Cooley, Torts, 80, and note. In *Allison Manfg. Co.* v. *McCormick*, 118 Pa. St. 519, plaintiff's intestate was engaged with others in painting the inside of a tank with a paint similar to that which the barrel in the present case contained, and was killed by an explosion. The theory of the plaintiff was that the quantity of benzine used in the preparation of the paint was so great that upon opening the cans and spreading the paint the evaporation filled the tank with an explosive gas, and that this gas came in contact with the flame of one of the lamps used by the workmen, and exploded. It was urged that the employer was bound to know the composition of the paint, the effect of spreading it upon the interior of the tank, and the danger to the servant. It was there held that, to be relieved from liability, the master is not required to supply the best materials known, or to subject such as he does supply to an analysis to determine what hazard may be incurred in their use. The court say:

"The accident happening under such circumstances was outside the range of ordinary experience, and one, therefore, against which the measure of care due from the employer could not protect the servant."

This is not a case of insecure place or defective appliances, nor is it one where a servant was ordered into another branch of the ordinary service, in which there was increased hazard. A fire occurred upon the defendant's premises, and at its inception the employés were called upon to aid in extinguishing it, and thus preserve the master's property and prevent a general conflagration. The dangers ordinarily incident to a fire are obvious to persons of mature years. Employer and employés are equally conscious of such danger, and ordinarily equally skilled in the means employed to extinguish a fire. The work of extinguishment is usually attended with danger, and explosions are not uncommon. The law recognizes a fire as one of the perils which excuses acts otherwise illegal. An entry upon another's premises to save goods which are in peril is not a trespass, and a man's castle may be torn down to prevent the spreading of the fire. As Mr. Cooley says, "The law of overruling necessity licenses this." Cooley, Torts, 314. It is a duty which the employer owes to his neighbor to prevent a conflagration, and in the ordinary contract of insurance it is made the duty of the insured to exercise diligence with respect to the prevention and extinguishment of fires and the protection of property. If it be negligence to call upon his employés to assist in such an emergency, it would be impossible to do a work which the exigency demands should be done. Suppose that a human life had been in peril, and the employer had called upon his employés to assist in the rescue; could it be said that he did so at his peril? Can the act under such circumstances be said to have been a wrongful act?

The case of *Houston, etc., R. Co.* v. *Fowler*, 56 Tex. 452, is the only one that I have found which deals with the question of an order given to a servant under circum-

stances of peril.   There a violent storm of wind and rain prevailed along the entire line of defendant's railway, producing a washout, by reason of which a wreck had occurred.   The decedent had been ordered to "run to the wreck" and take the passengers from the disabled train, and in complying with the order he ran into another washout and was killed.   Held, that the company was not guilty of negligence, if the performance of an unusually dangerous service was required for good reason, as for the safety of passengers.   Pierce, R. R. 378, 379, is cited in support of this determination.   The case is referred to in a note to 1 Shear. & R. Neg. § 186, as one of mere peril, without negligence on the part of the defendant.   The facts are far less complicated in the present case, and it is not necessary to approve the application there made. Here the danger from the fire was apparent, and the employés who were present were the only persons through whose exertions a calamity might be avoided.

In *Hart* v. *Railway Co.*, 21 Law T. (N. S.) 261, a pointsman turned an engine, whose engineer was seized with a fit, upon a branch line, in order to avoid a collision with an express train on the main track, causing a collision on the branch line and injuring a passenger.   Held, that the pointsman was justified under the circumstances, and that defendant was not guilty of negligence.

Under the circumstances, we think that the injuries received must be regarded as resulting from accident, rather than from negligence.

The judgment is therefore reversed.

The other Justices concurred.